UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

McKECHNIE VEHICLE COMPONENTS,
a Delaware corporation,

    Plaintiff,

vs.                                                Case No.

PRIME WHEEL CORPORATION,               Hon.
a California corporation,

    Defendant.

BUTZEL LONG
J. Michael Huget (P39150)
John E. Benko (P58874)
150 W. Jefferson, Suite 100
Detroit, MI  48226
(313) 225-7000

## PLAINTIFF McKECHNIE VEHICLE COMPONENTS' COMPLAINT AND JURY DEMAND

Plaintiff McKechnie Vehicle Components ("McKechnie"), by its undersigned counsel, and for its Complaint against Defendant Prime Wheel Corporation ("Prime Wheel"), states as follows:

### PARTIES, JURISDICTION AND VENUE

1. McKechnie is a supplier of, among other things, chrome wheel claddings for the automotive industry. McKechnie is a Delaware corporation with its principal place of business in Kentucky. McKechnie conducts business in Michigan.

2. On information and belief, Prime Wheel is a California corporation with its principal place of business in California. Prime Wheel transacts a continuous and systematic

portion of its business in Michigan. Indeed, Prime Wheel is a direct supplier of wheels to original equipment manufacturers in Michigan.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy, exclusive of interest and costs, exceeds $75,000 and the dispute is between citizens of different states.

4. Venue is proper in this Court because Prime Wheel is subject to personal jurisdiction in this district for purposes of 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

5. McKechnie is an automotive supplier that supplies wheel claddings, covers and caps, as well as other decorative automotive parts to original equipment manufacturers and other suppliers.

6. Prime Wheel is a supplier of both aftermarket and original equipment wheels to the automotive industry.

7. McKechnie and Prime Wheel entered into a series of Purchase Order Contracts (collectively the "Purchase Orders") in 2006, wherein Prime Wheel agreed to purchase a fixed quantity of chrome wheel claddings from McKechnie at agreed prices.

8. On May 15, 2006, Prime Wheel issued Blanket Purchase Order Number 88402 for the supply of a fixed quantity of chrome wheel claddings for Ford Escape/Mariner vehicles (the "Escape/Mariner Purchase Order"). A copy of the Escape/Mariner Purchase Order is attached as **Exhibit A**.

9. The Escape/Mariner Purchase Order provides a fixed quantity 1,523,040 chrome wheel claddings over its term.

10. The agreed upon price was for $22.60 per chrome clad wheel for a total purchase order amount of $34,420,704.00.

11. On June 29, 2006, Prime Wheel also issued Blanket Purchase Order Numbers 90046 (the "Edge Purchase Order) and 90048 (the "MKX Purchase Order") for chrome wheel claddings for the Ford Edge and Lincoln MKX platforms.  The Edge Purchase Order is attached as **Exhibit B**, and the Lincoln MKX Purchase Order is attached as **Exhibit C**.

12. The Edge Purchase Order provides for a fixed quantity of 320,640 chrome wheel claddings for $24.10 per cladding, for a total purchase order value of $7,727,424.00.

13. The MKX Purchase Order likewise provides a fixed quantity of 323,840 chrome wheel claddings for $24.10 per cladding, for a total purchase order value of $7,804,544.00.

14. Each of the Purchase Orders is for fixed quantities and for a fixed price.

15. In reliance upon the binding and enforceable Purchase Orders, McKechnie invested significant money and time in preparing to supply the quantity of chrome wheel claddings ordered by Prime Wheel.  This included investment in facilities, leases, design work and equipment.

16. In the absence of the quantity commitment by Prime Wheel, McKechnie would not have invested so heavily in preparing to produce the chrome wheel claddings.  McKechnie therefore specifically negotiated for and contracted to receive the volume commitment from Prime Wheel.

17. Prime Wheel was well aware of the importance of a quantity commitment to McKechnie, and made the quantity commitment knowing that McKechnie would rely upon that commitment in making the investment necessary to produce the chrome wheel claddings.

3

18. In 2008, Prime Wheel began issuing releases to McKechnie for the Escape/Mariner, Edge and MKX chrome wheel claddings.

19. McKechnie produced and supplied the chrome wheel claddings pursuant to releases and the Purchase Orders.

20. This process continued until January 2009, at which time Prime Wheel ceased issuing releases and taking delivery of chrome wheel claddings produced by McKechnie.

21. McKechnie learned that Prime Wheel resourced production of the chrome wheel claddings to McKechnie's competitor, Lacks Industries ("Lacks").

22. As the Purchase Order Contracts are fixed quantity contracts, and Prime Wheel's resourcing of McKechnie is a breach of the Purchase Order Contracts.

23. McKechnie repeatedly demanded that Prime Wheel return production to McKechnie, and that Prime Wheel accept delivery of inventory produced by McKechnie.

24. To date, Prime Wheel has refused all requests to cure its breach of the Purchase Order Contracts.

25. Prime Wheel has also refused to reimburse McKechnie for raw material and work-in-process inventory in its possession. McKechnie currently possesses $308,938.41 of raw material and work-in-process inventory that it procured pursuant to the Purchase Orders.

26. Prime Wheel's refusal to comply with the fixed quantity Purchase Order contract and resourcing of production to Lacks is a breach of the Purchase Order Contracts.

27. Prime Wheel's refusal to purchase raw material and work-in-process inventory from McKechnie is also a breach of the Purchase Orders.

28. As a result of Prime Wheel's indisputable breach of the Purchase Orders and refusal to reinstate production with McKechnie, McKechnie has been damaged in an amount in

4

excess of $20,000,000.00. This amount includes the amounts owed for the raw material and work-in-process identified above, and McKechnie's lost profits as a result of Prime Wheel's breach of the Purchase Orders.

### COUNT I -- BREACH OF CONTRACT -- ESCAPE/MARINER PURCHASE ORDER

29. McKechnie re-alleges and incorporates all preceding allegations.

30. Prime Wheel and McKechnie entered into the Escape/Mariner Purchase Order.

31. The Escape/Mariner Purchase Order constitutes a valid contract between Prime Wheel and McKechnie.

32. Under the Escape/Mariner Purchase Order, as consideration for the significant capital investment required for McKechnie to be able to produce the large quantity of chrome wheel claddings required by the Escape/Mariner Purchase Order, Prime Wheel expressly committed to purchase 1,523,40 chrome wheel claddings from McKechnie.

33. McKechnie performed its material obligations to Prime Wheel pursuant to the terms of the Escape/Mariner Purchase Order.

34. Prime Wheel breached the Escape/Mariner Purchase Order by improperly resourcing production of the Escape/Mariner chrome wheel claddings to Lacks.

35. As a result of Prime Wheel's material breaches of the Escape/Mariner Purchase Order, McKechnie has suffered damages well in excess of the jurisdiction minimum for this Court.

WHEREFORE, as a result of the numerous breaches detailed in this Complaint, McKechnie requests that this Court enter a Judgment against Prime Wheel and in McKechnie's favor in an amount in excess of $20,000,000.00, plus interest, costs, attorneys' fees and such other relief as this Court deems appropriate.

## COUNT II -- BREACH OF CONTRACT -- EDGE PURCHASE ORDER

36. McKechnie re-alleges and incorporates all preceding allegations.

37. Prime Wheel and McKechnie entered into the Edge Purchase Order.

38. The Edge Purchase Order constitutes a valid contract between Prime Wheel and McKechnie.

39. Under the Edge Purchase Order, as consideration for the significant capital investment required for McKechnie to be able to produce the large quantity of chrome cladding required in the Edge Purchase Order, Prime Wheel committed to purchase 320,640 chrome wheel claddings from McKechnie.

40. McKechnie performed its material obligations to Prime Wheel pursuant to the terms of the Edge Purchase Order.

41. Prime Wheel breached the Edge Purchase Order by improperly resourcing production of the Edge chrome claddings to Lacks.

42. As a result of Prime Wheel's material breaches of the Edge Purchase Order, McKechnie has suffered damages well in excess of the jurisdictional minimum for this Court.

WHEREFORE, as a result of the numerous breaches detailed in this Complaint, McKechnie requests that this Court enter a Judgment against Prime Wheel and in McKechnie's favor in an amount in excess of $20,000,000.00, plus interest, costs, attorneys' fees and such other relief as this Court deems appropriate.

## COUNT III – BREACH OF CONTRACT -- MKX

43. McKechnie re-alleges and incorporates all preceding allegations.

44. Prime Wheel and McKechnie entered into the MKX Purchase Order.

45. The MKX Purchase Order constitutes a valid contract between Prime Wheel and McKechnie.

46. Under the MKX Purchase Order, as consideration for the significant capital investment required for McKechnie to be able to produce the large quantity of chrome wheel claddings required by the MKX Purchase Order, Prime Wheel committed to purchase 323,840 chrome wheel claddings from McKechnie.

47. McKechnie performed its material obligations to Prime Wheel pursuant to the terms of the MKX Purchase Order.

48. Prime Wheel breached the MKX Purchase Order by improperly resourcing production of the MKX chrome wheel claddings to Lacks.

49. As a result of Prime Wheel's material breaches of the MKX Purchase Order, McKechnie has suffered damages well in excess of the jurisdictional minimum for this Court.

WHEREFORE, as a result of the numerous breaches detailed in this Complaint, McKechnie requests that this Court enter a Judgment against Prime Wheel and in McKechnie's favor in an amount in excess of $20,000,000.00, plus interest, costs, attorneys' fees and such other relief as this Court deems appropriate.

### COUNT IV – BREACH OF CONTRACT – RAW MATERIAL AND WORK-IN-PROCESS

50. McKechnie re-alleges and incorporates all preceding allegations.

51. The Purchase Order Contracts were valid and binding contracts.

52. The Purchase Order Contracts require, among other things, that Prime Wheel purchase a fixed quantity of chrome wheel claddings from McKechnie for the Escape/Mariner, Edge and MKX platforms.

53. Prime Wheel breached the Purchase Order Contracts by resourcing production of the chrome wheel claddings to Lacks.

54. In addition to the breaches and damages discussed above, McKechnie has suffered damages as a result of Prime Wheel's breach because Prime Wheel has failed and/or refused to reimburse McKechnie for all raw material and work-in-process in its possession related to the Purchase Order Contracts in the amount of $308,938.41.

55. McKechnie has performed all material obligations required by the Purchase Order Contracts.

WHEREFORE, as a result of the numerous breaches detailed in this Complaint, McKechnie requests that this Court enter a Judgment against Prime Wheel and in McKechnie's favor in an amount in excess of $20,000,000.00, plus interest, costs, attorneys' fees and such other relief as this Court deems appropriate.

## COUNT V -- DECLARATORY JUDGMENT

56. McKechnie re-alleges and incorporates all preceding allegations.

57. The Purchase Order Contracts are valid and binding contracts.

58. The Purchase Order Contracts require, among other things, that Prime Wheel purchase the stated quantities of chrome wheel claddings for the Escape/Mariner, Edge and MKX platforms from McKechnie.

59. Prime Wheel has breached the Purchase Order Contracts by resourcing production of the chrome claddings from McKechnie to Lacks.

60. There is a real and substantial dispute between McKechnie and Prime Wheel as to the propriety of Prime Wheel's resourcing and termination of McKechnie, and Prime Wheel's

refusal to compensate McKechnie for Prime Wheel's improper breach of the Purchase Order Contracts.

61.     McKechnie seeks a declaratory Judgment that Prime Wheel's resourcing and termination was wrongful and constitutes a breach of the Purchase Order Contracts entitling McKechnie to money damages.

WHREFORE, McKechnie requests that this Court enter a declaratory Judgment against Prime Wheel and in McKechnie's favor, declaring that Prime Wheel has breached the Purchase Order Contracts and awarding McKechnie damages in an amount in excess of $20,000,000.00, plus interest, costs and attorneys' fees and such other relief as this Court deems appropriate.

        Respectfully submitted,

        **BUTZEL LONG**

        By: /S/ J. Michael Huget
            J. Michael Huget (P39150)
            John E. Benko (P58874)
        Suite 100
        150 West Jefferson
        Detroit, Michigan  48226
        (313) 225-7000

        **Attorneys for Plaintiff**

Dated:  June 29, 2009

## **JURY DEMAND**

Plaintiff McKechnie Vehicle Components hereby requests a trial by jury of all issues so triable.

                              Respectfully submitted,

                              **BUTZEL LONG**

                              By: /S/J. Michael Huget_____
                                  J. Michael Huget (P39150)
                                  John E. Benko (P58874)
                              Suite 100
                              150 West Jefferson
                              Detroit, Michigan  48226
                              (313) 225-7000

                              **Attorneys for Plaintiff**

Dated:  June 29, 2009